UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DAVID MASEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV2447 CEJ |
| ) | |
| RICHARD N. GOWDY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Michael David Masek for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.  Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.  Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31

(1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983.  The named defendants are officials of the Missouri Department of Health.  Plaintiff alleges that on January 7, 2013, he was admitted to the Southeast Missouri Mental Health Center.  He was placed on Seroquel, which he says reduced his capacity to think clearly.  On January 8, 2013, he was transferred to the Metropolitan Psychiatric Center (MPC) in St. Louis.  Upon arrival, plaintiff signed forms indicating that he was voluntarily admitting himself for treatment.  Plaintiff claims that he did not knowingly or voluntarily sign the forms because he was on Seroquel at the time and did not know what he was signing.  According to plaintiff, defendants Richard Gowdy, Anthony Cuneo, and Laurent Javois were required to initiate an involuntary civil commitment proceeding in order to effect his admission to MPC, but they failed to do so.  Plaintiff alleges that he was physically assaulted twice while in MPC and that he has been denied medication for his back pain.

The complaint contains no allegations directed to defendants Ken Seyer and Felix Vincenz.

## Discussion

Plaintiff's allegations regarding his unknowing and involuntary admission to the Center could state a viable claim for relief under § 1983.  See Zinermon v. Burch, 494 U.S. 113, 133-34 (1990).  As a result, the Court will issue process as to defendants Gowdy, Cuneo, and Javois, who are alleged to be responsible for his admission.  Because there are no allegations against Seyer and Vincenz, no process will be issued as to them and this action will be dismissed against them without prejudice.  An order of partial dismissal will be entered separately.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Richard Gowdy, Anthony Cuneo, and Laurent Javois only.

Dated this 9th day of December, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE