# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID MASEK, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:13CV2447 CEJ |
| RICHARD N. GOWDY, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's pro se motion for appointment of counsel and motion for injunctive relief. For the reasons discussed below, both motions will be denied.

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved in this case are not so complicated that the appointment of counsel is warranted at this time.

Plaintiff's legal claim is relatively simple, i.e., whether he was competent to voluntarily admit himself to the St. Louis Psychiatric Rehabilitation Center. And he has shown that he is able to coherently present his claim to this Court. As a result, the motion to appoint counsel will be denied without prejudice.

In his motion for injunctive relief, plaintiff claims that he has been placed on restriction at the Rehabilitation Center in retaliation for exercising his right not to go to a Narcotics Anonymous meeting that he did not like. Plaintiff requests that this Court notify the Department of Justice so that an investigation can be conducted regarding the alleged retaliation. It is not the province of the Court to relay plaintiff's allegations to the Justice Department. Moreover, the Court has no authority to direct the Justice Department to conduct an investigation. Because the relief plaintiff seeks cannot be granted, his motion for injunctive relief will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **denied** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief [ECF No. 8] is **denied**.

Dated this 28th day of January, 2014.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE