# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID MASEK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV2447 CEJ |
| | ) | |
| RICHARD N. GOWDY, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Defendants Richard Gowdy and Laurent Javois move to dismiss the complaint for failure to state a claim upon which relief can be granted. The court will grant the motion and dismiss plaintiff's allegations against these defendants without prejudice. Additionally, the court will allow plaintiff to file an amended complaint.

Plaintiff brings this action under 42 U.S.C. § 1983 against several officials of the Missouri Department of Health. Plaintiff alleges that he signed voluntary committal papers at the St. Louis Psychiatric Rehabilitation Center after he was given a drug that rendered him incompetent to sign the papers. Plaintiff states, in conclusory fashion, that defendants Gowdy, Cuneo, and Javois "would have been responsible" for the voluntary commitment procedures. He asserts that defendants

should have sought involuntary commitment instead. Plaintiff also asserts that Gowdy was responsible for subsequently revoking his conditional release status.

Defendants move to dismiss, arguing that plaintiff's official-capacity claims are barred and that plaintiff does not allege that they were directly responsible for the constitutional deprivation he claims.

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to plaintiff. Gregory v. Dillard=s, 494 F.3d 694, 709 (8th Cir. 2007). The Federal Rules of Civil Procedure do not require great precision in pleadings. Id. at 710. "The simplified notice pleading standard under Fed. R. Civ. P. 8(a) requires only a statement that gives the defendant fair notice of what the plaintiff=s claim is and the grounds upon which it rests." Id. (quotations omitted). However, the factual allegations in the complaint must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Gregory, 494 F.3d at 710. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in

2

which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep=t of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under ' 1983." Id. Thus, the complaint fails to state a claim upon which relief can be granted.

"Liability under ' 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and ' 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. Plaintiff's conclusory statement that defendants are the individuals who "would have been responsible" for his admission is not entitled to a presumption of verity. Plaintiff's allegation that Gowdy was responsible for revoking his conditional release status is

also conclusory, and it is not clear how such an act would violate plaintiff's constitutional rights. Therefore, the court will dismiss this action without prejudice as to defendants Richard Gowdy and Laurent Javois.

Because plaintiff is proceeding pro se, the court will allow plaintiff the opportunity to file an amended complaint in order to cure the deficiencies of the original complaint. If an amended complaint is filed, it will replace the original complaint; claims that are not re-alleged will be deemed abandoned and no summonses will be issued to defendants who are not re-named. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff chooses to file an amended complaint, he must state the capacity or capacities in which each defendant is being sued and he must allege facts, not conclusions, in support of his claims.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Richard Gowdy and Laurent Javois to dismiss [ECF No. 14] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **June 10, 2014** to file an amended complaint.

Dated this 7th day of May, 2014.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE